UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHNNIE GRAND JEAN,

    Petitioner,

v.   Case No: 2:14-cv-132-FtM-29DNF

REID THOMAS,

    Respondent.

## ORDER OF DISMISSAL

**I.**

This matter comes before the Court upon review of the file. Petitioner Johnnie Grand Jean initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2241 on February 28, 2014, in the United States District Court for the Middle District of Florida, Orlando Division. On March 7, 2014, the Orlando Division transferred the case to this Court due to Petitioner's incarceration at Charlotte Correctional Institution, which is located within the venue of this Court.

On March 28, 2014, the Court entered an order (Doc. #7) directing Petitioner to file an amended petition and to either a complete motion for leave to proceed as a pauper, or pay the requisite $5.00 filing fee on or before April 16, 2014, or face dismissal of the action without further notice. The Court directed Petitioner to file an amended petition because it was

unclear whether Petitioner had exhausted his administrative remedies. Doc. #7 at 1. The Court further noted that to the extent it appeared the Petition challenged an immigration decision, the Court lacked jurisdiction to review such a decision. Id. The Court directed Petitioner to submit an amended petition to advise the Court whether he filed any requests for release with the Immigration Judge and/or appealed the denial of such request with the Board of Immigration Appeals. The Court also directed Petitioner to advise the Court of his custodial status by providing the Court with a copy of his detention order so the Court could determine whether it has jurisdiction. Petitioner filed an Amended Petition (Doc. #7) on April 15, 2014, in partial compliance with the Court's March 28, 2014 order. To date, however, Petitioner has not complied with the Court's March 28 Order by filing a motion for leave to proceed as a pauper, or the requisite filing fee. See docket. Consequently, on May 5, 2014, the Court issued a show cause order (Doc. #9) directing Petitioner to show cause why the Court should not dismiss the action for failing to comply with the Court's March 28 Order and also directed that he file proof of indigence, or pay the $5.00 filing fee, on or before May 19, 2014. The Court warned Petitioner that failure to comply with the Order would result in the dismissal of the case without further notice. As of the date on this Order, Petitioner has not complied with the Show Cause Order in its entirety. See docket.

For failing to comply with the Court's March 28, 2014, and May 5, 2014 Orders, this action is subject to dismissal. Alternatively, the Court has conducted a preliminary review of the Amended Petition as required by 28 U.S.C. § 2243 and Rule 4, Rules Governing Section 2254 Cases (2009), and concludes that the Amended Petition is subject to dismissal without service upon Respondent for lack of jurisdiction.

**II.**

As previously stated, Petitioner is currently confined at Charlotte Correctional Institution. See docket. According to the Amended Petition, Petitioner challenges his "deportation status." Amended Petition at 6. Petitioner submits that he has a mental illness and his doctor told him deportation will worsen his mental illness. Id. at 7. As relief, Petitioner requests that the Court "remove the deportation hold place on him." Id. at 8.

The Court must conduct a preliminary review of any habeas petition. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases. Section 2243 provides that a court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that he applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Because Petitioner is proceeding *pro se*, his petition is reviewed more leniently than a petition filed

by an attorney on behalf of her client. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted); Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

The law is well established that in order for the district court to have jurisdiction over a petitioner's habeas claims challenging a detainer by the ICE, he must actually be in ICE's custody. Courts have ruled that "[t]he filing of an immigration detainer is an informal process advising prison officials that a prisoner is wanted on other pending charges and requesting notification prior to the prisoner's release." Orozco v. INS, 911 F.2d 539, 541 n.2 (11th Cir. 1990). The filing of an immigration detainer does not cause a petitioner to come within the "custody" of the INS. Id. at 539; see also Prieto v. Gulch, 913 F.2d 1159, 1162 (6th Cir. 1990)(holding that he district court lacked jurisdiction over federal prisoners' challenge to detainers issued by the Immigration and Naturalization Service ("INS") where the prisoners were not in ICE custody citing 28 U.S.C. § 2241(c)); Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988) (holding that the district court was without jurisdiction to consider challenge to an INS detainer where the petitioner was in the custody of the Bureau of Prisons and not the INS). Thus, the

Court must determine whether Petitioner is in the custody of the ICE.[1]

A review of the Florida Department of Corrections offender website, reveals that Petitioner is currently in the custody of the Florida Department of Corrections serving his sentence for aggravated battery arising in Monroe County, Florida, on December 31, 2010. See www.dc.state.fl.us. The website does reveal an ICE detainer. Id. Nevertheless, Petitioner is currently in the sole custody of the Secretary of the Florida Department of Corrections, not ICE. As previously stated, the filing of an ICE detainer does not cause the sentenced offender to come within the custody of INS for purposes of a petition for writ of habeas corpus. Thus, Petitioner cannot satisfy the "in custody" requirement of 28 U.S.C. § 2241(c).

Based on the foregoing, this Court lacks jurisdiction and the petition must be dismissed, without prejudice. See Guzman-Rivera v. ICE, No. 3:13cv767, 2013 WL 5555272 (M.D. Tenn. Oct. 8, 2013)(dismissing § 2241 for lack of jurisdiction where petitioner challenged ICE detainer but was in custody of the Federal Bureau of Prisons); Fernandez v. Dep't of Homeland Security, No. 4:07cv882, 2007 WL 1726497 (N.D. Ohio June 13, 2007)(where the

---

[1] The Court directed Petitioner to provide a copy of the order that he in custody pursuant to when filing his Amended Petition, but he failed to do so.

petitioner brought a habeas petition under § 2241 challenging a detainer warrant lodged against him by the Department of Homeland Security, INS, and the Warden of the prison where the petitioner was incarcerated, dismissing for lack of jurisdiction because the petitioner as not in the custody of INS, the Department of Homeland Security and the prison warden had no authority to provide the relief requested).

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Amended Petition for Writ of Habeas Corpus is **DISMISSED** for the reasons herein.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this __27th__ day of May, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record